DUSAW *v.* STATE VETERINARY BOARD.

MANDAMUS—VETERINARY MEDICINE AND SURGERY—STATUTES.
Failure to state, in the affidavit of an applicant to be admitted to practice veterinary medicine and surgery, that the applicant has practiced the same in their various branches for five years, etc., and a failure to show by letters of recommendation the facts, although conclusions of the writers were stated, justifies the board of registration in refusing to register him. Act No. 244, Pub. Acts 1907.

Mandamus by Fred Dusaw to compel the State veterinary board to register relator under the provisions of Act No. 244, Pub. Acts 1907. Submitted May 4, 1909. (Calendar No. 23,325.) Writ denied June 7, 1909.

*Clayton C. Golden* and *Willis Baldwin,* for relator.

*John E. Bird,* Attorney General (*Henry E. Chase* and *Arthur P. Hicks,* of counsel), for respondent.

McALVAY, J. Relator asks for a writ of mandamus against respondent board to compel it to issue to him a certificate of registration as an existing practitioner of veterinary medicine and surgery under section 4, Act No. 244, Pub. Acts 1907. The material portion of this section reads as follows:

" Any person who has practiced veterinary medicine or surgery in their various branches in this State for five years prior to the passage of this act shall be eligible to become registered as an existing practitioner, and entitled to receive a certificate of registration from the State board as such: *Provided,* That any such person shall, on or before the first day of January, nineteen hundred eight, file with the secretary of State veterinary board, an affidavit, showing that he has been continuously so engaged, and shall also present letters of recommendation from ten reputable freeholders and stock raisers of this State, who shall have employed him, showing him to be

qualified to practice veterinary medicine or surgery as above set forth."

His application was refused on the ground that his affidavit, and the letters of recommendation accompanying it, did not conform with the requirements of the statute above quoted, and did not show that for five years prior to the passage of this act he " has practiced veterinary medicine and surgery in their various branches in this State."

He was so informed by respondent, and blanks were sent him drawn in conformity with the requirements of the law. He refused to act upon the suggestion of respondent, and wrote that under the advice of his attorneys he would rely upon the showing he had made. His affidavit attached to his application, which states that it is made under this statute, reads (omitting the formal parts):

"Fred Dusaw, of said county, being duly sworn, deposes and says that he has been a resident of the State of Michigan for five years prior to the 27th day of June, 1907, and that during that time he has been continuously engaged in the practice of veterinary medicine and surgery."

The merit of brevity in this affidavit is to be commended, but in omitting the words "in their various branches" it falls short of statutory requirements. The 10 letters of recommendation filed with his application are chargeable with the same infirmity. They speak of animals treated generally as "stock," and state conclusions. The time of the employment does not cover the statutory period, or indicate dates or character of the services rendered, or that relator had practiced veterinary medicine and surgery in all its branches. Respondent had nothing before it which would shed any light upon the applicant's statutory qualifications, and its offers of assistance to bring relator within the statute were not accepted. Respondent board was correct in denying the application for the reasons given.

The writ is denied.

BLAIR, C. J., and GRANT, MONTGOMERY, and BROOKE, JJ., concurred.